ANN JOYCE, wife of A. ROGERSON, *v.* DUPLESSIS AND ZACHARIE.

An authority given to an agent to collect a debt carries with it the authority to sue for it, and issue execution upon the judgment obtained.

In an action brought against a party for damages for an illegal seizure of property pointed out by a person acting as his agent, judgment will be rendered against him if in his answer he denies only the authority of the agent to issue execution ; he must deny the whole agency to relieve himself from responsibility.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *T. H. Howard*, for plaintiff and appellant. *H. C. Miller* and *Ogden & Stansbury*, for defendants.

MERRICK, C. J. The suit is brought to recover damages for the unlawful seizure of plaintiff's property.

The defendant, *Zacharie*, in person, placed in the hands of a collector, *Outlaw*, a small claim for collection against *Rogerson*, the husband of the plaintiff, for the rent of a store. *Outlaw*, finding all other means to collect unavailing, instituted suit before a Justice of the Peace of New Orleans, and obtained judgment, which he proved up by a Clerk from *Mr. Zacharie's* office.

The plaintiff caused an affidavit to be made, proving her ownership of the property in question previous to her marriage, and had the same delivered to the Constable, *Duplessis*. *Outlaw*, as agent of *Zacharie*, caused the execution to issue, and directed the seizure. He had previously informed *Mr. Zacharie's* clerk that he was going to seize the property at *Rogerson's* house. Under the execution, the plaintiff's household furniture was seized and removed by the Constable. During the pendency of the suit before the Third Justice of the Peace, and seizure, *Zacharie* was in Europe, and the first knowledge he seems to have had of the seizure, was the commencement of this suit. He became angry at the seizure, directed its release, and paid the Constable his costs.

There have been two trials of this cause; the first resulted in judgment against *Duplessis* and *Zacharie* for $300. A new trial was granted and judgment was rendered against *Duplessis* for $300, and in favor of *Zacharie*.

An attentive examination of the defendants' answer and the testimony in this case, satisfies us that *Outlaw* was authorized and expected by *Zacharie* to take all needful steps to collect the debt. Had he lost it by his negligence, he would have been responsible to *Zacharie* for it. And it is worthy of remark, that *Zacharie*, neither in his answer, nor in his conversations after suit brought, denied *Outlaw's* authority to sue and issue execution, and direct the seizure of property. In his answer, he says he denies that he was actuated by malice or ill will, or that he, or any person authorized to act for him, made the seizure complained of *with any knowledge of the pretended claims of plaintiff.* *Zacharie*, in his conversation with *Duplessis*, told him that he never seized the property of a woman for rent; and wherever he speaks of the affair, he simply denies that he authorized the *seizure*. There is, therefore, nothing in these denials which throws discredit upon *Outlaw's* statements. The question then arises, whether *Zacharie*, who had no knowledge of the acts of *Outlaw*, nor of the execution itself, is bound by them?

If it be admitted that *Outlaw* was authorized to take out the *fi. fa.* and direct the seizure of *Rogerson's* property under it, the question must be answered in the affirmative; for a man is responsible for the negligent and improvident acts of his agent in the execution of the trust. He cannot deny the authority of the agent in that particular thing; he must deny the agency altogether. C. C. 2299; Parsons on Contracts, vol. 1, p. 62; *Fitzgerald* v. *Ferguson,* 11 An. 396.

We are not aware of any law which made it necessary that *Outlaw* should have had a special power of attorney to authorize him to issue execution or point out property to be seized. His authority to collect the debt seems to us sufficient for this purpose, and *Zacharie* cannot now successfully object that he was not an attorney at law. Whatever judgment is rendered against *Duplessis* ought to be rendered against *Zacharie*. The estimate of damage made by the District Court seems high, but as it has been the result of two trials, we shall be governed by the same.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court, as to said *J. W. Zacharie,* be reversed, and that there be judgment in favor of the plaintiff, *Ann Joyce,* wife of said *A. Rogerson,* and against the said *J. W. Zacharie,* for three hundred dollars, and costs of both courts.

BUCHANAN, J., took no part in this decision.